UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NO. 1:20-CV-11531-ADB

Dr. SHIVA AYYADURAI      )
    Plaintiff,                       )
                                           )
v,                                         )    JURY DEMANDED
                                           )
MAYOR MARTIN WALSH,      )
in his official capacity, and         )
BILL EVANS, in his former        )
official capacity as Police          )
Commissioner                         )
    Defendants.                   )

PLAINTIFF'S OPPOSITION TO THE DEFENDANTS' TO CONSIDER
*RACIOPPI* AS RELEVANT CASE LAW

Defendants Walsh and Evans have chosen to ignore the Plaintiff's pending motion for leave to file the proposed amended complaint (ECF #13). The Defendants have **now** filed a supplement to their motion to dismiss the Plaintiff's original complaint. The argument made by the Defendants in their present motion (ECF #20) is the same one they made in their motion to dismiss the original complaint. Plaintiff provided case law to this court in his opposition to show that the Defendants are unable to cite one single authority to support their argument given that the parties in the two separate lawsuits are totally unlike each other (official organizer versus random citizen, state court versus federal court) and the claims are totally unlike each other. Plaintiff's opposition to motion to dismiss (ECF #12) filed prior to the Plaintiff's proposed amended complaint showed that granting dismissal of this case based on *res judicata* would violate binding precedent. *Hansberry v. Lee*, 311 US 32 (1940)

In addition, the Plaintiff pointed out that the Defendants could not rely on *Gonzalez v. Banco Cent. Corp.*, 27 F.3d 751 (1st Cir. 1994) to claim it gave this court authority to dismiss this case based on a result in state court, especially when the Plaintiff here is NOT in privity with any other plaintiff anywhere.

This has now led to the Defendants taking a second bite at the apple because the *Racioppi* decision is in *Federal* court. However this effort too must fail because *Hansberry v. Lee*, 311 US 32 (1940) remains binding precedent. Plaintiff, the organizer, is NOT in privity with Racioppi, some random citizen, and Plaintiff's claims and facts are entirely different from Racioppi's. Accepting the Defendants' argument would mean that all litigants who claim a constitutional or First Amendment violation are in privity with every other such litigant nationwide and the dismissal of one case must result in the dismissal of all cases. Courts are obligated to avoid such absurd results.

CONCLUSION

This court must ignore the decision in *Racioppi* as it is entirely unrelated to the facts and law of this case. Relying on *Racioppi* to dismiss this case would be unjust and would violate binding precedent. *Hansberry v. Lee*, 311 US 32 (1940) Plaintiff respectfully requests that his proposed amended complaint be allowed and the motion to dismiss be declared moot.

Respectfully submitted under the pains and penalties of perjury,

/s/ Dr. Shiva Ayyadurai

JULY 8, 2021

**Dr. Shiva Ayyadurai**
Plaintiff, *pro se*
701 Concord Ave,
Cambridge, MA 02138
Phone: 617-631-6874
Email: vashiva@vashiva.com

## CERTIFICATE OF SERVICE

I certify that this document, filed through ECF, was sent electronically by ECF to opposing counsel Nieve Anjioni Esq. at the City of Boston Law Department.

Respectfully submitted under the pains and penalties of perjury,

/s/ Dr. Shiva Ayyadurai

JULY 8, 2021

**Dr. Shiva Ayyadurai**
Plaintiff, *pro se*
701 Concord Ave,
Cambridge, MA 02138
Phone: 617-631-6874
Email: vashiva@vashiva.com